**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHAD WILLIAM REED,

     Petitioner - Appellant,

v.

JASON BRYANT, Warden,

     Respondent - Appellee.

No. 17-7021
(D.C. No. 6:13-CV-00542-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Proceeding pro se, Oklahoma state prisoner Chad William Reed requests a certificate of appealability (COA) to challenge the district court's order denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. Because Mr. Reed has failed to satisfy the standard for issuance of a COA, we deny his request and dismiss this matter.

Mr. Reed lived with his 71-year-old grandmother, Dorothy Hendrix, in her home. Ms. Hendrix's daughter, Judy Rutherford, also lived there, as did Mr. Reed's girlfriend, Patricia Hollingsworth, and her son. On November 21, 2006, Mr. Reed brought a loaded gun into the house when he came inside to gather belongings to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

spend the night at a motel with Ms. Hollingsworth. He got into a heated argument with Ms. Hendrix, who was irritated with him for repeatedly allowing Ms. Hollingsworth's large bulldog on the bed. Mr. Reed admits that he shot Ms. Hendrix in the head during the argument, but he claims he did so in self-defense after she threatened to shoot him and pointed her own gun at him. He then told Ms. Hollingsworth, "Call 911, I shot my Grandma." Aplt. Combined Opening Br. and Appl. for COA at 2B. Ms. Hendrix died the next day.

At trial, the government presented evidence that contradicted Mr. Reed's assertion that he acted in self-defense. For instance, Wyva Clouse (a friend of Mr. Reed's) testified that a few days before the shooting Mr. Reed told her he was angry with his grandmother for taking his father's social security death benefits and "wanted to shoot her in the head." R. at 363. And Ms. Hollingsworth testified that she heard the gunshot immediately after Ms. Hendrix issued her threat— with "[n]o gap" in between, R. at 402—such that Ms. Hendrix could not have had time to get her gun and point it at Mr. Reed. Furthermore, Ms. Hendrix was lying on the bed with her gun under her body, behind her lower back, when police arrived at the scene.

A jury convicted Mr. Reed of first degree murder, and he was sentenced to life in prison with the possibility of parole. He appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA), but the OCCA summarily affirmed. He then sought post-conviction relief in state district court. Again, he was unsuccessful, and the OCCA affirmed the denial of relief.

2

Mr. Reed next filed the underlying § 2254 habeas petition in federal district court, asserting thirteen claims for relief:

(1) the evidence was insufficient to prove malice aforethought, i.e., that he acted with the deliberate intent to kill;

(2) the evidence was insufficient to prove that he did not act in self-defense;

(3) the jury instructions on self-defense were erroneous, and the prosecutor made an improper argument based on the disputed instructions;

(4) he was deprived of his Sixth Amendment right to confront Ms. Clouse and Ms. Rutherford and to impeach them based on their criminal backgrounds, biases, and favorable treatment for testifying;

(5) the trial court's admission of prejudicial photographs of Ms. Hendrix violated his due process rights;

(6) the trial court erred in denying his motion for a new trial, in which Ms. Clouse would not be allowed to testify;

(7) the cumulative effect of all errors deprived him of a fair trial;

(8) prosecutorial misconduct (namely, using the perjured testimony of Ms. Rutherford and Ms. Hollingsworth) violated his due process rights;

(9) *Brady* violations by the State violated his due process rights;

(10) he received ineffective assistance of counsel at trial in violation of the Fifth and Sixth Amendments;

(11) he received ineffective assistance of counsel on appeal in violation of the Fifth and Sixth Amendments;

(12) he was denied due process because of improper jury instructions; and

(13) he was denied due process because of an incomplete trial record.

Mr. Reed had raised the first seven claims in his direct appeal, but the remaining claims first surfaced in his application for post-conviction relief. In a 52-page order, the district court held that Mr. Reed procedurally defaulted on five of the claims

3

(8, 9, 10, 12, and 13) and denied habeas relief on the remaining claims (1-7, 11). It also declined to issue a COA.

Mr. Reed now seeks to appeal the district court's order, but he must first receive a COA from this court. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The standard varies, depending on whether the district court rejected the constitutional claims in the habeas petition on procedural grounds or on the merits. For the former, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* For the latter, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

In his application to this court, Mr. Reed asserts the same thirteen claims he presented to the district court. We liberally construe Mr. Reed's pro se filings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, we find nothing to justify the issuance of a COA. Mr. Reed has not shown that reasonable jurists would find the district court's assessment and denial of claims 1-7 and 11 to be wrong or

4

even debatable.  Nor has he shown the district court was incorrect in its procedural

default ruling, through which it denied the remaining claims.  Therefore, we deny

Mr. Reed's request for a COA and dismiss this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge